## JENKINS PETROLEUM PROCESS CO. v. EASON OIL CO.

District Court, E. D. Wisconsin.
Sept. 11, 1930.

Lines, Spooner & Quarles, of Milwaukee, Wis., for plaintiff.

Hoyt, Bender, McIntyre, Trump & Hoyt, of Milwaukee, Wis., for defendant.

GEIGER, District Judge.

The plaintiff granted to Bolene Refining Company, and the latter assigned to the defendant, a license containing this stipulation:

"2. Patents: The licensee admits the validity of each of the letters patent under which it is or may be licensed hereunder, and admits licensors title thereto, and agrees that they or their representatives, engineers or employees will not contest the same nor contribute to any contest of the validity by others."

The broad principle that an estoppel is laid upon the licensee—either by a covenant like the above or, in its absence, by legal implication in the relationship itself—is not disputed. The defendant, answering a complaint for payment of royalties accruing upon an assigned license, sets up:

"1. A denial of plaintiff's title to the licensed patent and its right to issue licenses;

"2. That the licensed patents are invalid;

"3. That plaintiff breached its obligation to give an indemnity bond,

"4. That defendant was evicted from enjoyment of the rights and privileges of the license,

"5. That the license contract was procured by fraud.

Upon oral argument and in briefs submitted, the questions on plaintiff's motion to strike out portions of the defendant's answer are really reduced to the fourth above noted. That is to say, with the defendant in the position of assignee of Bolene, mere general denials of title, of right to issue licenses, of validity of the patent, are of no avail either because of the estoppel, or because other allegations in the complaint and answer plainly confess the facts of title and of licensing. So, too, the allegations of fraud, without averment of matter of fact which, if true, discloses fraud in a legal sense, do not tender an issue.

Counsel seem to agree that a principle analogous to that found in the law of landlord and tenant, that is, the principal of eviction, ouster, or expulsion, is applicable to the licensing of patents. Indeed, the defendant has advanced the idea of "constructive eviction"; and most of the discussion deals with a right on the part of the defendant to contest a suit for royalty, although there is nothing to gainsay the fact that it is still enjoying the license contract. An examination of the cases cited by both parties satisfies me that if the principle of "eviction" is applicable, such applicability is conditioned upon a disclosure of one or more prerequisites of fact:

1. That all the patents enumerated in the license agreement have been adjudged void in interference proceedings or otherwise in accordance with the statutes of the United States by a tribunal whose judgment is binding upon all who may be in a relationship to the patents.

2. That all of the patents enumerated in the license agreement have been adjudged invalid or canceled by decrees in appropriate actions brought by the United States for that purpose.

3. That a defendant who is licensee has been himself enjoined at the instance of a prior patentee from practising the inventions which are subject of a license agreement.

4. That a judgment or decree has been obtained by the owner of a prior patent restraining—as infringing—the acts of a licensee of a subsequent patent.

Now, it seems entirely clear that the defendant's answer in this case falls very far short of a disclosure bringing the case within any one or others of these requisites. It may be difficult to define "eviction" as a principle figuratively to be carried into the law of patent licenses; but something more than mere apprehension, mere possibility of contest, or mere speculation as to the correctness of a view expressed by some tribunal which does not reach or bind the parties to the license agreement, should be shown. If this be not true, then under the guise of "constructive eviction," the wholesome principle of estoppel, either as an implication or as a subject of express covenant, disappears by resort to what is really indirection.

I think plaintiff's motion should be granted, and an order may be entered accordingly.